MARSHALL W. SAWYER *vs.* CHARLES P. BROWN.

Penobscot. Opinion December 12, 1884.

*Complaint for costs. Notice. Judgment.*

Judgment may be rendered on a complaint for costs without notice to the plaintiff of the filing of the complaint when it is made to appear to the court, that the writ was duly served upon the defendant and the plaintiff had failed to enter his action.

When such a judgment has been rendered the court is presumed to have acted upon competent evidence, sufficient to establish the necessary facts.

ON REPORT on agreed statement of facts.

*Audita Querela* to vacate a judgment for costs, rendered upon a complaint for costs at the October term, 1871, and annul the execution issued thereon.

The facts are stated in the opinion.

*Davis and Bailey*, for the plaintiff.

*C. P. Brown*, for the defendant.

HASKELL, J. *Audita Querela* to vacate a judgment of this court for costs, and to annul an execution issued thereon.

The plaintiff sued out a writ returnable to a term of this court, and caused the defendant to be legally summoned to appear and answer to the suit. The plaintiff did not enter his action, and the defendant, during the term to which the writ was returnable, appeared and complained for costs, by reason of the non entry of the action. The court, without notice to the plaintiff, gave judgment for costs in the defendant's favor, and he had execution.

It is objected that the judgment is absolutely void for want of notice to the plaintiff. Undoubtedly this objection is well taken, unless the law implies notice from the proceedings in the case. *Penobscot R. R. Co.* v. *Weeks*, 52 Maine, 456. When the writ was delivered into the hands of the officer, the law required him to obey its command, and have the same in court with a return of his doings thereon. The return of the writ by him would not be an entry of the action in court. That was a duty, which the plaintiff could perform, or omit, as he was pleased to do. He did not perform it; but the defendant as he was commanded, appeared and complained for costs. He had been summoned by a precept of the court, sued out at the instance of the plaintiff. Of the consequences arising from his own action, the plaintiff is bound to take notice. The complaint for costs was not a new action, nor in the nature of one. It simply called the attention of the court to its own executed precept, presumed to have been returned to its custody, and for want of the plaintiff's further prosecution of his action, asked that costs be awarded in defendant's favor. The only essential difference between this proceeding and a nonsuit is, that the latter is ordered on the failure of the plaintiff to prosecute, or sustain an action already entered in court, while the complaint for costs is grounded upon the plaintiff's failure to enter his action in court. The complaint is required as a substitute for the entry of the writ, that the court may have some proper record upon which it can enter judgment. Before the judgment can be awarded, the court must be satisfied that the defendant has been summoned on its precept, sued out at the instance of the plaintiff. A production of the summons may not be satisfactory evidence of the fact. The officer may be required to return his precept, if he has failed to do it. The law does not specify what

evidence shall be required. The court should act in its discretion, as it may do on all motions in the absence of a party by his own fault. From such action a showing of merits alone will relieve. The court is presumed to have acted upon competent evidence, sufficient to establish the necessary facts, as by inspection of the precept with the officer's return thereon. Such evidence is admitted to exist.

It is urged, that without notice on the complaint, the court cannot know but that the action may have been settled. The officer should return his precept into court, and ought not otherwise to dispose of it. The plaintiff on settlement of his cause of action has no power to take the writ from the officer. The action cannot be discontinued after service of the writ upon the defendant without his consent. True, the parties may compromise and settle their controversy, and that will work a discontinuance of the suit; but if the plaintiff fails to see that proper evidence of the settlement is returned with the writ to court, he omits that duty at his peril. When a writ has been sued out and served, the law requires that it shall be returned to court, and it becomes the plaintiff's duty to see to it, that the court is furnished with evidence that the action has been settled, and if he omits to do this, and is thereby injured, he has no one to blame but himself.

The defendant was legally summoned at the suit of the plaintiff. His action was notice to himself of the consequences liable to flow from it. He has no good cause of complaint, has shown no merit in his behalf, and ought not to prevail. *Bryant* v. *Johnson*, 24 Maine, 304.

According to agreement of the parties,

*Judgment for defendant.*

PETERS, C. J., DANFORTH, VIRGIN, EMERY and FOSTER, JJ., concurred.